UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MarYland
(*Greenbelt Division*)

| | |
|---|---|
| Garnier-Thiebaut, Inc., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 8:17-cv-03632-PWG |
| ) | |
| Castello 1935, Inc., et al. ) | |

STATUS REPORT

a.  Whether discovery has been completed

Discovery has not been completed. On November 24, 2018, the depositions of the Defendants were conducted. In response to questioning, the defendants made certain admissions, statements and took various factual positions.

Based upon the deposition statements, supplemental interrogatories and request for production were served. Belatedly, the defendants' responses to the supplemental discovery requests contained contrary factual positions and back-tracking on the existence of documents, materials and other physical evidence that were stated to exist during the November 24, 2018 depositions. That is, during the deposition, the defendants admitted the existence of document and materials that were referred to in various e-mail communications. These additional items had never been produced during the discovery process. Now the individual defendant states the items do not exist.

By letter dated Janaury 28, 2019, Plaintiff's counsel wrote the defendants:

In your recent e-mails, you clearly have taken factual positions that contradict the sworn testimony provided during the depositions. Had you provided the recent "responses" during the deposition, there would have been follow-up questions based upon those "responses" as opposed to the those asked which were premised upon those now changed responses. The plaintiff has been prejudiced by this conduct.

Therefore, in order to remove this clear prejudice and avoid Court intervention, you are requested to attend a continued deposition for the purpose of reviewing the changed answers, *etc.* We are available on February 6 or February 8, 2019 beginning at 11:00 AM. As before, the continued deposition will be held in this office.

Please let me know by close of business today which date is more convenient for

you. If we do not hear from you, we shall take whatever steps we deem necessary, whether seeking sanctions, a default judgment, *etc.*, to correct this prejudice to our client.

The defendants subsequently agreed to appear and the continued deposition is presently set for February 13, 2019 at 11:00 a.m. With the conclusion of that deposition, discovery will have been completed.[1]

Defendants:

I attended a deposition on 11-26-18 and answered all questions to the best of my knowledge…I am scheduled to another round of depositions on 2-13-19 and again will answer all questions to the best of my knowledge. I have submitted responses to all their questions to the best on my knowledge and have forwarded all requested documentation.

b.  Whether any motions are pending

On November 5, 2018, the Plaintiff filed a Request for Entry of Default. *ECF No. 33* No action was taken by the Clerk. Presuming that the Clerk's office undertook no action since there was a pleading filed – *Motion to Dismiss, ECF No. 17* – the Plaintiff filed a subsequent **Motion for Entry of Default**. *ECF No. 35*. No response or reply was filed and the motion is still pending before the Court.

c.  Whether any party intends to file a dispositive pretrial motion

Given the status of discovery set forth in *section a.* above, the Plaintiff cannot intelligently respond at this time. The change of position and inconsistent discovery responses, to include a complete contradiction of prior responses needs to be addressed first. Upon the conclusion of that deposition, the Plaintiff should be in a better position to address the defendants' contradictory responses.

Defendants:

Currently I am not in the position to respond but will be able to after 2-15-19 when represented by council [sic].

d.  Whether the case is to be tried jury or non-jury and anticipated length of trial

Given the admissions that the defendants not only copied the exact pattern and used the same manufacturer to produce the materials at issue, having never before or since used that manufacturer, the Plaintiff contends that the matter will be tried as a non-jury trial and will take 1-day.

Defendants:

---

[1]  The defendants undertook no discovery whatsoever.

Non-jury, with 1-day. I had no knowledge that the supplier selected had produced this item before. This was only made aware once the law suit was brought against me personally then I asked the supplier if they had produced this item before. Neither myself nor the supplier had any knowledge the pattern had a Copyright on it.

    e.    A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein

Due to the physical location of the defendants, the parties have not met. However, the Plaintiff forwarded a detailed settlement proposal to the defendants; no response was forthcoming.

Given the scheduled "continued deposition" on February 13, 2019, the Plaintiff proposes to address, again, settlement or a resolution at that time. However, based upon the defendants responses in discovery, etc., a resolution is not anticipated.

Defendants:

I am more than willing to assist and comply in all efforts in settling this issue

    f.    Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion

Considering the failure of the corporate defendant to file an answer, the granting of the *Motion for Entry of Default - ECF No. 35* renders any settlement moot. However, the individual defendant may benefit from the input of a Judge of this Court as the individual defendant believes that there was no violation as this type of misconduct "is done all the time."

Defendants:

I welcome any advice from the courts, the quote mentioned: "is done all the time" is being presented out of context and I was indicating at the time that Custom Logos are done all the time in our industry. I certainly do not condone or approve of any Copyright Infringement.

    g.    Any other matter for the court's attention.

None at this time. Again, as noted *section c.* above, this position may change at the conclusion of the February 13, 2019 deposition.

GARNIER-THIEBAUT, INC.
*By Counsel*

*[signature]*

Richard F Boddie, M03124
Slocum & Boddie PC
5400 Shawnee Rd., Suite 300
Alexandria VA  22312
703-451-9001
*rfboddie@slocumboddie.com*

*[signature]*

Richard W. J. Campbell
18145 Main Street
Buchanan, VA USA 24066
*RCampbell@CASTELLO1935.com*