IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| GARNIER-THEIBAUT, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: 8:17-cv-03632-PWG |
| CASTELLO 1935 INC. et al., | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Garnier-Thiebaut, Inc. seeks a default judgment against Defendant Castello 1935 Inc. (the "Corporate Defendant"), one of two defendants in this case.[1] ECF No. 35. The Corporate Defendant did not answer the Complaint, and the time for doing so has passed. *See* ECF No. 24. Nevertheless, because Plaintiff retains the prospect of holding the defendants jointly and severally liable on the copyright infringement claim, the motion for default judgment will be denied without prejudice.

## PROCEDURAL HISTORY

Plaintiff brought this copyright infringement suit on December 7, 2017, naming both the Corporate Defendant and its president, Richard Campbell, as defendants. *See* Compl. 1, ECF No.1. Plaintiff later filed proof that it served both defendants on December 14, 2017. *See* ECF No. 10.

---

[1] The docket misspells Plaintiff's name. The correct spelling, which I take from the Complaint, is Garnier-Thiebaut, Inc. *See* Compl., ECF No. 1. I direct the Clerk's Office to correct the docket accordingly.

1

On January 26, 2018, Plaintiff filed an amended complaint. Am. Compl., ECF No. 16. Counsel, representing both the Corporate Defendant and Mr. Campbell, moved to dismiss Plaintiff's amended pleading for a failure to state a claim. ECF No. 17. While the motion was pending, the attorney representing both defendants moved for leave to withdraw from the case "due to the Defendants' actions that were contrary to legal advice and due to the failure of Defendants to remit payment for services rendered in accord with" the representation agreement. ECF No. 20. On May 17, 2018, I issued a memorandum opinion and order denying the motion to dismiss and granting defense counsel's motion for withdrawal. *See* Mem. Op. & Order, ECF No. 21. The memorandum opinion ordered the defendants to answer the Amended Complaint by June 7, 2018, and cautioned that the Corporate Defendant "must retain counsel as this case proceeds" in light of precedent establishing that corporations, "as artificial entities, may not appear pro se but must instead appear through counsel." *Id.* at 13 (quoting *McGowan v. Cross*, Nos. 92-1480 & -1584, 1993 WL 125416, at *1 n.1 (4th Cir. Apr. 22, 1993) (per curiam) (unpublished table decision)); *see* Loc. R. 101.2.b.

Defendants did not file a timely answer, and the Corporate Defendant did not retain counsel. Consequently, on July 2, 2018, I issued a show cause order requiring the Corporate Defendant to explain why a default judgment should not be entered against it for failing to have new counsel enter an appearance on its behalf. ECF No. 22. Mr. Campbell's response to the order said that the company had "been trying to secure a new attorney to take over this case," but, to date, had "been unable to find one." ECF No. 23. I later ordered each defendant to answer the Amended Complaint by August 23, 2018, specifying that Mr. Campbell may do so without the assistance of counsel but that the Corporate Defendant may not. ECF No. 24. The order further required counsel for the Corporate Defendant to enter an appearance by August 23, 2018. *See id.*

It concluded: "Failure to file a timely answer and for corporate counsel to enter his or her appearance may subject the defendant failing to do so to a default judgment on the claims against him or it." *Id.*

Mr. Campbell met the deadline to answer the Complaint. *See* ECF No. 25. The Corporate Defendant, however, did not, and it remains unrepresented. On March 28, 2019, upon a motion filed by Plaintiff, the Clerk's Office entered a default against the Corporate Defendant. ECF No. 38. Plaintiff's motion for a default judgment against the Corporate Defendant (ECF No. 35) now is before me. Having reviewed the filings, I find that a hearing is not necessary. *See* Loc. R. 105.6.

## DISCUSSION

The question before me is whether it would be proper to issue a default judgment against the Corporate Defendant while identical claims remain pending against its president, Mr. Campbell.

In *Frow v. De La Vega*, the Supreme Court declared that, in a case where joint liability is alleged, it would both unlawful and "absurd" to issue a default judgment against one defendant, individually, while the same claims proceed against other, non-defaulting defendants. 82 U.S. 552, 554 (1872). This is so, the Court explained, because a default judgment under those circumstances would run the risk of producing inconsistent judgments. *See id.* Accordingly, it is generally accepted that "when an action is brought against several defendants, charging them with joint liability," judgment cannot be entered against a defendant "until the matter has been adjudicated with regard to all defendants, or all defendants have defaulted." 10A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2690 (3d ed.). The Fourth Circuit has extended the *Frow* rule to cases where the plaintiff alleges defendants are liable not jointly, but jointly and severally. *See United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944

(4th Cir. 1967) (stating that the "procedure established for multiple defendants by Rule 54(b) [pertaining to judgments] is . . . applicable not only to situations of joint liability but to those where the liability is joint and/or several"); *Richardson v. Bostick*, No. 11-CT-3045-FL, 2013 WL 3166398, at *3-*4 (E.D.N.C. June 20, 2013).

Here, the terms "joint liability" or "joint and several liability" do not appear in the Amended Complaint. Nevertheless, this is a suit for copyright infringement. And "[b]ecause infringement of copyright is considered a tort, the general statement often is made that all defendants concerned in the infringement are jointly and severally liable" for damages. *MCA, Inc. v. Wilson*, 677 F.2d 180, 186 (2d Cir. 1981); *see Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 517 (4th Cir. 2002); *Broad. Music, Inc. v. Hobi, Inc.*, No. 93-3505, 1994 WL 144812, at *1, *2 (5th Cir. Apr. 8, 1994) (per curiam) ("The test of whether a corporate officer is jointly and severally liable with the corporation for copyright infringement is whether the officer has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities."); *see also, e.g., Buttnugget Publ'g v. Radio Lake Placid, Inc.*, 807 F. Supp. 2d 100, 107-08 (N.D.N.Y. 2011) (determining that plaintiffs who brought a copyright infringement suit against a company and its president had adequately alleged "facts sufficient to establish the alleged copyright infringements and that all defendants may be held joint and severally liable"); *Crabshaw Music v. K-Bob's of El Paso, Inc.*, 744 F. Supp. 763, 767 (W.D. Tex. 1990) ("Courts have traditionally held the 'corporate officer will be liable as a joint tortfeasor with the corporation in a copyright infringement case where the officer was the dominant influence in the corporation, and determined the policies which resulted in the infringement.'" (quoting *Sailor Music v. Mai Kai of Concord, Inc.*, 640 F. Supp. 629 (D.N.H. 1986))). That principle would seem to be in play here, where the Amended Complaint identifies Mr. Campbell as an officer of the Corporate

Defendant who "was the dominant influence in" the company; "had the sole and direct right and ability to supervise and control [its] infringing activity"; and "ha[d] a direct financial interest in the infringing activity." Am. Compl. ¶ 6; *see also* Mot. for Default Judgment 3, ECF No. 35 (noting that "evidence as to damages would be identical" for the two defendants).

The Amended Complaint repeatedly alleges that Mr. Campbell was acting on behalf of the Corporate Defendant throughout the relevant time period. *See, e.g.*, Am. Compl. ¶ 15(c) (alleging that the Corporate Defendant acted "through Campbell"); *id.* ¶ 15(d) (alleging that the company acted "at the direction of Campbell"). On these facts, it is more than plausible that the two defendants will have defenses in common. I find, therefore, that a default judgment against the Corporate Defendant would risk producing inconsistent judgments, a result the *Frow* Court found intolerable. Accordingly, until the matter has been adjudicated as to Mr. Campbell, I consider it premature to rule on Plaintiff's motion for default judgment. The motion will therefore be denied without prejudice. Plaintiff may renew its motion following adjudication of the claims against Mr. Campbell.

## ORDER

Accordingly, it is, this day, by the United States District Court for the District of Maryland, hereby ORDERED that Plaintiff Garnier-Thiebaut, Inc.'s Motion for Default Judgment (ECF No. 35) IS DENIED without prejudice.

_____  8/7/19
Paul W. Grimm
United States District Judge