IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

GARNIER-THIEBAUT, INC.    *

      Plaintiff,

 v.        *  Civil Action No. SDT-17-3632

CASTELLO 1935 INC., et al.,   *

      Defendants. *
         ***

## MEMORANDUM OPINION REGARDING DEFAULT JUDGMENT

On November 23, 2019, Plaintiff filed a Motion to Strike Defenses and Enter Judgment by Default ("Default Motion"). ECF No. 51. Following the November 25, 2019 pretrial conference in this case, the Court issued an Order to Show Cause ordering Defendants to show cause by noon on December 2, 2019 as to why entry of default judgment should not be entered as to the issue of liability and ordering Plaintiff to provide additional reasoning for its Default Motion. ECF No. 53. On December 2, 2019, Defendant Campbell filed a purported response to the November 25, 2019 Order to Show Cause, which although docketed as a response to the Order to Show Cause is, in fact, merely a listing of supposed stipulations. ECF No. 56.

The Court has reviewed Plaintiff's Default Motion, Plaintiff's response to the November 25, 2019 Order to Show Cause (ECF No. 55), and Defendant Campbell's response to the November 25, 2019 Order to Show Cause (ECF No. 56). For the reasons contained herein, the Court **GRANTS** Plaintiff's Motion for Default Judgment and **ORDERS** Defendant Campbell's answer stricken from the docket and entry of default

judgment against Defendants as to the issue of liability on Counts I, III, and IV of the Amended Complaint.

## I.

## Default Judgment

## A.

## Federal Rule of Civil Procedure 55

## 1.

Federal Rule of Civil Procedure 55 provides that upon a showing that "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defen[d], . . . the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Once the clerk enters the party's default, a party may then seek a default judgment against the defaulting party. *Id.* at 55(b). The Court has discretion to enter default judgment, *Balt. Line Handling Co. v. Brophy*, 771 F. Supp. 2d 531, 540 (D. Md. 2011) (citation omitted), although the Fourth Circuit "has a strong policy that cases be decided on the merits." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013) (quoting *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 453 (4th Cir. 1993)) (internal quotation marks omitted). However, "default judgment is appropriate when the adversary process has been halted because of an essentially unresponsive party." *Id.* (quoting *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (concluding that entry of a default judgment was proper where

"[d]efendant has been unresponsive for more than a year")); *see, e.g., Home Port Rentals, Inc. v. Ruben*, 957 F.2d 126, 133 (4th Cir. 1992) (finding entry of default judgment pursuant to Federal Rule of Civil Procedure 55 was proper against the unresponsive parties who did not participate in discovery when they "did not appear at the show cause hearing" and "they did not respond to certified notices sent by the court").

2.

Here, the Amended Complaint was filed on January 26, 2018. ECF No. 16. Thereafter, on February 16, 2018, Defendants filed a motion to dismiss for failure to state a claim. ECF No. 17. Counsel for Defendants later filed a motion for leave to withdraw as counsel. ECF No. 20.[1] On May 17, 2018, the Court issued an Order denying Defendants motion to dismiss and granting counsel for Defendants' motion for leave to withdraw as counsel. ECF No. 21. At that point, the Court ordered Defendants to file an answer to Plaintiff's Amended Complaint by June 7, 2018. *Id.* The Court also specifically ordered, "Defendant Castello must retain counsel as this case proceeds." *Id.* at 13 (citing *McGowan v. Cross*, Nos. 92-1480, 92-1584, 1993 U.S. App. LEXIS 9134, at *1 n.1 (4th Cir. 1993) ("Corporations and partnerships, as artificial entities, may not appear pro se but must instead appear through counsel.") (citations omitted)). Neither Defendant filed an answer

---

[1] Counsel explained, "[H]is intention to withdraw due to the Defendants' actions that were contrary to legal advice and due to the failure of Defendants to remit payment for services rendered in accord with the Engagement Agreement between Defendants and . . . counsel." ECF No. 20, at 1. Counsel informed Defendants of their need to retain new counsel. *Id.* Particularly, counsel "notified the Defendant Castello 1935 Inc. that it must obtain new counsel or *it would be subject to a default judgment on the claims against it.*" *Id.* at 1–2 (emphasis supplied).

by the time designated by the court.  Particularly, Defendant Castello 1935 Inc. could not file an answer due to its failure to retain counsel.

On July 2, 2018, the Court issued an Order to Show Cause directing Defendant Castello 1935 Inc. to show cause as to why default judgment should not be entered against it for failing to have new counsel enter an appearance in this case.  ECF No. 22 (citing D. Md. Loc. R. 101.2(b) (a corporation "must have new counsel enter an appearance or be subject to . . . default judgment on claims against it")).  Defendant Campbell answered the Order to Show Cause and requested the Court refrain from entering default judgment.  ECF No. 23.  Defendant Campbell, *pro se*, explained, "[Defendants] have been trying to secure a new attorney to take over this case; however as of this date we have been unable to find one. We will certainly have new counsel in place when the assigned court date comes up." *Id.*

As a result, on July 24, 2018, the Court issued an Order directing Defendants to each file an answer to Plaintiff's Amended Complaint by August 23, 2018.  ECF No. 24.  The Court cautioned Defendants that "[f]ailure to file a timely answer and for corporate counsel to enter his or her appearance may subject the defendant failing to do so to a default judgment on the claims against him or it." *Id.*  On August 23, 2018, Defendant Campbell answered the Amended Complaint.  ECF No. 25.  Defendant Campbell also notified the Court, "[W]e have been unable to retain counsel in this case. We continue to try and will inform the courts [sic] the moment we have counsel secured. Please accept our sincere apologies in this delay."  ECF No. 26.

After Defendant Castello 1935 Inc. failed to file an answer, Plaintiff moved for the entry of default against Defendant Castello 1935 Inc pursuant to Federal Rule of Civil Procedure 55. ECF Nos. 33, 35. Thereafter, on March 28, 2019, pursuant to Federal Rule of Civil Procedure 55(a),[2] the Clerk entered default against Defendant Castello 1935 Inc. ECF No. 38.

On August 7, 2019, the Court denied Plaintiff's motion for default judgment against Defendant Castello 1935 Inc. without prejudice. ECF No. 45. The Court reasoned that *Frow v. De La Vega*, 82 U.S. 552 (1872) "declared that, in a case where joint liability is alleged, it would [be] both unlawful and 'absurd' to issue a default judgment against one defendant, individually, while the same claims proceed against other, non-defaulting defendants." *Id.* at 3 (citing *Frow*, 82 U.S. at 554 (1872)). The Court further noted, "The Fourth Circuit has extended the *Frow* rule to cases where the plaintiff alleges defendants are liable not jointly, but jointly and severally." *Id.* (citing *United States ex rel. Hudson v. Peerless Ins. Co.*, 374 F.2d 942, 944 (4th Cir. 1967)). The Court concluded that because this case alleges that Defendants are jointly and severally liable, "default judgment against [Defendant Castello 1935 Inc.] would risk producing inconsistent judgments . . . until the matter has been adjudicated as to Mr. Campbell." *Id.* at 5 (citing *Frow*, 82 U.S. 552 (1872)).

---

[2] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).

B.

Federal Rules of Civil Procedure 16 and 37

1.

Notice

a.

Federal Rule of Civil Procedure 16 provides that a court may issue a discovery sanction. Fed. R. Civ. P. 16(f)(1). And Federal Rule of Civil Procedure 37(b)(2)(A) specifically provides for "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A)(vi). In reviewing a district court's order of default judgment against defendants pursuant to Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A)(vi), the Fourth Circuit has concluded that there is "no reason to treat misconduct during the pretrial process as different from misconduct during the discovery process." *Young Again Prods. v. Acord*, 495 F. App'x. 294, 301 (4th Cir. 2011) (citing *Newman v. Metro. Pier & Exposition Auth.*, 962 F.2d 589, 590-91 (7th Cir. 1992) (holding that failure to participate in the pretrial process is a ground for default judgment)). Notably, the Fourth Circuit has "emphasized the significance of warning a defendant about the possibility of default before entering such a harsh sanction." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *see RDLG, LLC v. Leonard*, 649 F. App'x 343, 347–48 (4th Cir. May 23, 2016) (holding that a district court's sanction of default judgment pursuant to Federal Rule

of Civil Procedure 16(f) did not violate appellant's due process rights when the court repeatedly issued oral and written warnings that it would enter default judgment).

b.

In this case, the Court twice issued orders directing the parties to file their pretrial pleadings by November 8, 2019.  ECF Nos. 44, 47.  On April 24, 2019, the Court's pretrial Order ordered the parties to submit their pretrial pleadings by November 8, 2019.  ECF No. 44.  And, again, on October 21, 2019, the Court ordered the parties to submit their pretrial pleadings by November 8, 2019.  ECF No. 47.  Specifically, the Court ordered the parties to submit the following pretrial pleadings:

- joint stipulation of facts;

- witness list;

- joint pretrial order;

- statement of legal authority;

- binder of exhibits; and

- any motions in limine.

ECF No. 47.  Even after the Court repeatedly reminded the parties to submit their pretrial pleadings by November 8, 2019, Defendants failed to comply at all.  Therefore, on November 15, 2019, the Court issued an order noting, in part, "despite having a 6 1/2-month notice of the pretrial filing deadline and a subsequent 2 1/2-week reminder of the same, [Defendants] Campbell and Castello 1935 Inc. failed to meet the November 8, 2019

pretrial filing deadline."  ECF No. 50.  Thereafter, the Court cautioned Defendants that they were in danger of being sanctioned for failure to comply with prior Orders.  ECF No. 53.  The Court also warned Defendants that continued failure to participate in the adversary process may result in an Order to Show Cause as to why a default judgment should not be entered against them.  *Id.*

Nonetheless, the Court gave Defendants one last chance to submit their pretrial filings.  *Id.*  On November 15, 2019, the Court ordered Defendants to file their pretrial filings by noon on November 22, 2019.  *Id.*  The Court also ordered Defendants to advise the Court whether or not they are represented by counsel by noon on November 22, 2019.  *Id.*  Additionally, the Court ordered any counsel for Defendants to note their appearance by noon on November 22, 2019.  *Id.*

However, Defendants failed to comply with *any* of the Court's Orders set out in the November 15, 2019 Order.  *Id.*  Following the November 22, 2019 pretrial filings deadline, on November 23, 2019, Plaintiff filed its Default Motion pursuant to Federal Rules of Civil Procedure 16 and 37 against both Defendants, arguing "[D]efendants have engaged in a pattern of ignoring the duties and obligations imposed by the *Rules* and the prior orders of this Court."  ECF No. 51 (emphasis in original).

c.

The Court concludes that consideration of default judgment is appropriate here because Defendants had ample notice of the consequences of their inaction.  *See Hathcock*, 53 F.3d at 40 ("[A] party is entitled to be made aware of the drastic consequences of failing

8

to meet the court's conditions at the time the conditions are imposed, when he still has the opportunity to satisfy the conditions and avoid the sanction") (citation and internal quotation marks omitted). This Court has repeatedly warned Defendants that their actions may result in default judgment. *See* ECF No. 50 (outlining an overview of Defendants' conduct in this case).

For the reasons that follow, this Court concludes default judgment is appropriate in this case because Defendants have failed to participate in the adversary process at nearly every turn despite being given repeated opportunities to do so.

2.

Discovery Sanction

To determine if default judgment is appropriate as a discovery sanction, the Fourth Circuit has instructed courts to apply the four *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494 (4th Cir. 1977) factors. *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.,* 872 F.2d 88, 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

The four *Wilson* factors are:

> (1) whether the noncomplying party acted in bad faith;
> (2) the amount of prejudice his noncompliance caused his adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce;
> (3) the need for deterrence of the particular sort of noncompliance; and
> (4) the effectiveness of less drastic sanctions.

*Id.* (citing *Wilson*, 561 F.2d at 503–06). The four *Wilson* factors "insure that only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard

for the authority of the district court and the Rules, will result in the extreme sanction" of default judgment. *Id.* (citing *Wilson*, 561 F.2d at 504). Therefore, if the four *Wilson* factors weigh in favor of sanctioning defendants with default judgment pursuant to Federal Rules of Civil Procedure 16(f)(1) and 37(b)(2)(A), this Court may so sanction. *See, e.g., id.* at 302.

Here, Defendants have unquestionably "fail[ed] to obey" the pretrial order -- among several others. Fed. R. Civ. P. 16(f)(1)(C).

a.

Bad Faith

i.

Defendants have acted in bad faith in their repeated failure to comply with prior Orders. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. An overview of Defendants' lack of participation in this case thus far is instructive:

- On May 17, 2018, this Court issued a Memorandum Opinion and Order denying Defendants' motion to dismiss and granting their counsel's motion for leave to withdraw. ECF No. 21. This Court then ordered Defendants to answer Garnier-Thiebaut Inc.'s Amended Complaint by June 7, 2018. *Id.*

  This Court also ordered Defendant Castello 1935 Inc. must retain counsel in order to proceed. *Id.*

Defendants did not, however, file a timely answer by the court ordered June 7, 2018 deadline nor did Defendant Castello 1935 Inc. retain counsel.

- On July 2, 2018, this Court issued an Order to Show Cause as to why default judgment should not be entered against Defendant Castello 1935 Inc. for its failure to retain counsel. ECF No. 22. Defendant Campbell responded to the letter and explained that Defendant Castello 1935 Inc. had "been trying to secure a new attorney to take over this case," but, to date, had "been unable to find one." ECF No. 23.

- On July 24, 2018, this Court issued an Order requiring Defendants each to answer Plaintiff's Amended Complaint by August 23, 2018. ECF No. 24. This is the second time that the Court was required to order Defendants to answer the complaint. This Court again noted that Defendant Castello 1935 Inc. must retain counsel so it could proceed. *Id.* This Court ordered Defendant Castello 1935 Inc.'s counsel to enter an appearance by August 23, 2018. *Id.* This Court warned Defendants that "[f]ailure to file a timely answer and for corporate counsel to enter his or her appearance may subject the defendant failing to do so to a default judgment on the claims against him or it." *Id.*

Defendant Campbell answered Plaintiff's Amended Complaint on August 23, 2018. ECF No. 25. He did so *pro se*. However, Defendant Castello 1935 Inc. neither retained counsel nor answered Plaintiff's Amended Complaint as ordered.

- On March 28, 2019, upon Plaintiff's motion for default judgment pursuant to Federal Rule of Civil Procedure 55, the Clerk's Office entered a default against Defendant Castello 1935 Inc. ECF No. 38.

- On August 7, 2019, this Court issued a Memorandum Opinion and Order denying Plaintiff's motion for default judgment without prejudice. ECF No. 45. At that time, this Court concluded that entering default judgment against Defendant Castello 1935 Inc. would risk producing inconsistent judgments when Plaintiff's same claims proceed against Defendant Campbell. *Id.*

- On October 3, 2019, in response to repeated inquiry by the Court, Defendant Campbell represented to the Court that Defendants had retained a particular attorney as their counsel.

- However, when the court reached out to that attorney to confirm this representation, the attorney advised that he does not, and has not, represented Defendants in this case.[3]

- On October 21, 2019, this Court issued an Order confirming the parties' correspondence with the Court between October 2–14, 2019, setting the schedule for this case, and confirming Defendants each remained unrepresented by counsel. ECF. No. 47.

- Also via its October 21, 2019 Order, the Court confirmed the November 8, 2019 pretrial deadline, which it first set on April 24, 2019. *Id.* The Court ordered the parties to submit the following pretrial pleadings:

  - joint stipulation of facts;

  - witness list;

  - joint pretrial order;

  - statement of legal authority;

  - binder of exhibits; and

  - any motions in limine.

  ECF No. 47.

---

[3] On this point, Plaintiff emphasized that Defendant Campbell had "thrice" promised "our attorney will be entering an appearance," yet "no attorney has done so since original counsel withdraw [sic]." ECF No. 47, at 1–2.

Yet, "despite having a 6 1/2-month notice of the pretrial filing deadline and a 2 1/2-week reminder of the same," Defendants failed to comply. ECF No. 47.

- On November 15, 2019, the Court entered an order noting that Defendants failed to meet the November 8, 2019 pretrial filing deadline. ECF No. 50. The Court once again cautioned Defendants that they were in danger of being sanctioned for failure to comply with prior Orders. *Id.* Specifically, the Court warned Defendants that continued failure to participate in the adversary process may result in an Order to Show Cause as to why a default judgment should not be entered against them. Nonetheless, the Court gave Defendants one last chance to submit their pretrial filings by noon on November 22, 2019. *Id.* The Court also ordered Defendants to advise the Court whether or not they were represented by counsel and for any such counsel to enter their appearance by noon on November 22, 2019. Defendants did none of this. *Id.*

- On November 25, 2019, during the previously scheduled pretrial conference call,[4] the Court noted that Defendants failed to comply with any of the Court's Orders set out in the November 15, 2019 Order. *See* ECF No. 52. Specifically, the Court explained that Defendants once again failed to file their pretrial filings and to advise

---

[4] "Defendant Campbell appeared *pro se* [on this November 25 conference call]. Defendant Castello 1935 Inc. remained unrepresented by counsel and, therefore, did not appear on the call." ECF No. 52.

whether or not they are represented by counsel by the November 22 deadline. *Id.* Defendant Campbell expressed that his "ignorance of law" prevented him from complying with the court's Orders. *Id.*

- Also during the November 25, 2019 pretrial conference call, the Court reiterated to Defendant Campbell the potential repercussion of his repeated failure to respond to court Orders, meet court deadlines, or participate in the adversary process. *Id.* That is, the Court again warned that default judgment may be entered against Defendants as to liability in this case. *Id.* This would leave only the amount of damages to be determined at the December 19, 2019 bench trial. *Id.* The Court further advised Defendant Campbell that it planned to enter an Order to Show Cause as to why a default judgment should not be entered against Defendants and explained to Defendant Campbell that he must respond to the Show Cause Order and provide an explanation. *Id.*

- On November 25, 2019, the Court issued an Order to Show Cause ordering Defendants to show cause by noon on December 2, 2019 as to why entry of default judgment should not be entered as to the issue of liability and ordering Plaintiff to provide additional reasoning for its Default Motion. ECF No. 53. On December 2, 2019, Defendant Campbell filed a purported response to the November 25, 2019 Order to Show Cause, which, although docketed as a response to the Order to Show Cause is, in fact, merely a listing of supposed stipulations. ECF No. 56.

Throughout the duration of this case, Defendants have blatantly failed to comply with prior Orders. ECF No. 50, at 2–3 (outlining an overview of Defendants' conduct in this case). Even after this Court gave defendants one final chance to comply with its November 15, 2019 Order regarding the overdue pretrial filings, Defendants still failed to comply. ECF No. 52. Indeed, Defendants did not even attempt to comply. As before, they simply did nothing. While it is true that Defendant Campbell is *pro se*, "[i]gnorance of the law" cannot excuse bad faith noncompliance and callous disregard with a direct court order, such as failing to even simply call the Court to advise whether Defendants had counsel. *Cf. United States v. Sosa*, 364 F.3d 507, 512 (2004) (citations omitted) (noting that "ignorance of the law" is not a sufficient basis for a *pro se* litigant's failure to comply with the statute of limitations). Court Orders cannot simply be ignored.

ii.

This Court also repeatedly ordered Defendants to obtain counsel. Since May 17, 2018, when the Court granted Defendants' counsel's motion for leave to withdraw, Defendants have failed to retain counsel and have used this failure to delay and stall proceedings in this case. On July 2, 2018, Defendant Campbell explained that Defendants have "been trying to secure a new attorney to take over this case," but, at that time, have "been unable to find one." ECF No. 23.

Defendant Campbell later informed the Court, on October 3, 2019, that he has retained counsel and provided the Court with the attorney's contact information for correspondence about scheduling the bench trial. ECF No. 47.

On October 3, 2019, the Court attempted to contact the counsel who Defendant Campbell said he had retained and requested him to enter his appearance on behalf of Defendants. *Id.* However, that counsel neither responded nor entered his appearance on behalf of the Defendants. *Id.* As a result, on October 8, 2019, the Court again informed Defendant Campbell his counsel still needed to enter his appearance. *Id.* However, Defendants again failed to respond to the Court regarding counsel. *Id.* This has been a recurring pattern. As noted by Plaintiff, Defendants had "thrice" promised "our attorney will be entering an appearance," yet "no attorney has done so since original counsel withdraw [sic]." *Id.* at 1–2. Receiving no response from Mr. Campbell after a week-long delay, on October 10, 2019, the Court again confirmed the upcoming trial date and reiterated yet again that counsel for Defendants still needed to enter his appearance. *Id.* at 2. In response, Defendant Campbell, once again, assured the Court that his counsel would "contact [the Court] shortly." *Id.* But, this Court ultimately learned from that counsel on October 15, 2019, that he did not, in fact, represent Defendants -- and never had. *Id.*

iii.

In light of this history, this Court can firmly conclude that Defendants have acted with bad faith in disobeying and ignoring prior Orders. *See Mut. Fed. Sav. & Loan Ass'n,* 872 F.2d at 93 (concluding that "[t]he finding [of bad faith] is not clearly erroneous, but is substantially supported by the evidence recited above which demonstrates a pattern of indifference and disrespect to the authority of the court").

b.

Prejudice

Plaintiff has suffered prejudice as a result of Defendants' failure to participate in the adversary process. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93; ECF No. 50, at 2–3. Plaintiff notes that it "cannot properly prepare for matters that are, presently, possible, yet unknown." ECF No. 51, at 5.

Indeed, Plaintiff has been thwarted in its effort to prepare for the bench trial. ECF No. 49 n.1. Despite repeated attempts on behalf of Plaintiff, Defendants utterly failed to work with Plaintiff in order to exchange discovery and complete the pretrial order:

> Plaintiff's counsel has sent not less than 10 emails to the Defendant(s) - using at least six differing email addresses – and called multiple times to varying numbers, leaving a messages [sic] each time, in a good faith effort to submit the pretrial items. As of this submission, Mr. Campbell has not responded to any of the attempts to work towards completing and filing the pretrial materials. The voice mail system at Defendant Castello forwards call [sic] to Mr. Campbell's cell phone. Again, there has been no response of any kind when messages are left at that number or the main Castello number. Other telephone and facsimile numbers have also been used; those have all been disconnected or are "no longer in use."

*Id.* Nonetheless, Plaintiff timely filed its portion of the pretrial documents ordered by the Court. *Id.* But, for their part, Defendants did not file <u>any</u> pretrial order submissions. No witness list. No exhibit list. Nothing. *See* ECF No. 49, at 4–5. Without this disclosure, Plaintiff has been hampered in preparing for trial as to whether it can prove each element of its claims, particularly as Defendants had contested the validity of Plaintiff's copyrighted design, known as "Organic." *See* ECF No. 21, at 5.

Thus, this Court concludes that Defendants' failure to disclose *any* evidence or participate in the adversary process demonstrates clear prejudice to Plaintiff.

c.

Deterrence

i.

This Court has a particular need to deter the type of wholesale non-participation and noncompliance Defendants have displayed in this case. Defendants' failure to participate in the adversary process by stalling and blatantly ignoring the direct orders of the court is at odds with the efficient administration of justice. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93. A perfect example of this is Defendant Campbell's alleged attempts to locate counsel for Defendants. Defendant Campbell stalled, ignored court Orders, and consistently failed to inform the court as to whether or not he had acquired counsel as directed. ECF No. 47, at 1–2; ECF No. 50, at 3. And when he did inform the Court on October 3, 2019, that Defendants had acquired counsel, the Court determined that was untrue, "[Counsel] contacted the court to advise that he is **NOT** the Defendants' counsel. [Counsel] indicated he has **NOT** agreed to represent the Defendants in this matter." ECF No. 47, at 2; *see* ECF No. 50, at 3. Indeed, this was just the most recent example in a pattern Defendants have repeated throughout this case of stating they had counsel that would soon enter an appearance but, no counsel ever materialized.

Most recently, Defendants were ordered to show cause by noon on December 2, 2019, as to why default judgment should not be entered against Defendants as a result of the cavalier attitude toward court Orders. ECF No. 50. Yet, instead of filing a response to

the Order to Show Cause, Defendant Campbell filed simply a list of "Stipulations." ECF No. 56. First, this response was unresponsive to the Court's Order to Show Cause. Second, the purported "Stipulations" were well out of time. Such pretrial filing was due on November 22, following no less than three Orders prompting that the pretrial documents be filed in a timely manner.[5] Finally, by definition, Defendant Campbell's purported "Stipulations" are nothing of the sort. Stipulations are facts *agreed upon by all parties*. Yet there is no evidence that Defendant Campbell sought Plaintiff's agreement as to these purported "Stipulations." In fact, before the November 8, 2019 deadline, Plaintiff timely submitted its proposed stipulations to Defendants, but Defendants failed to either respond or object to such stipulations. *See* ECF No. 49, at 2. Perhaps this late "Stipulations" filing is Defendant Campbell's attempt to comply with the multiple pretrial Orders regarding pretrial filing deadlines. Even so, Defendants still failed to submit the following:

- witness list;

- pretrial order;

- statement of legal authority;

- binder of exhibits; and

- any motions in limine.

ECF No. 50. This is too little, too late.

---

[5] The "Stipulations" together with the other pretrial documents were first due on November 8, 2019. ECF Nos. 44, 47.

ii.

Defendants have provided no legitimate justification for their noncompliance after repeated warnings and cautions about the entry of default judgment against them. Indeed, Defendants provided no justification at all in their purported response to the November 25, 2019 Order to Show Cause. ECF No. 56. And this Court cannot find one. The court system simply cannot fairly and efficiently operate this way. Thus, this Court must deter other parties from such noncompliance. *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93 (noting that the defendants' "haphazard compliance of three very specific discovery orders" was "stalling and ignoring the direct orders of the court with impunity and . . . such misconduct must obviously be deterred").

d.

No Sufficient Alternative Sanction

Finally, this Court concludes that no alternative sanction of a less severe nature could be effective in deterring similar future disrespect for the judicial system. *See id*. Indeed, this Court has repeatedly tried to get Defendants to comply but to no avail. This Court notes that although Defendant Campbell is represented *pro se* and Defendant Castello 1935 Inc. remains unrepresented by counsel, *see* ECF No. 52, it cannot simply give Defendants a pass for complete failure to participate in the adversary process.

For these reasons, the Court concludes that default judgment against Defendants as to the issue of liability on Plaintiff's claims against them as set forth in Counts I, III, and

IV of the Amended Complaint is an appropriate sanction for Defendants' wholesale failure to participate in the adversary process.

## C.

### Court's Inherent Authority to Sanction

This Court also concludes that, as an alternative holding, default judgment against Defendants as to the issue of liability is an appropriate court sanction.

A court "must and does have an inherent power to impose order, respect, decorum, silence, and compliance with lawful mandates." *Projects Mgmt. v. Dyncorp Int'l LLC*, 734 F.3d 366, 373 (4th Cir. 2013) (quoting *United States v. Shaffer Equipment Co.*, 11 F.3d 450, 461 (4th Cir. 1993)). Such inherent power "includes the ability to order the dismissal of a case, though 'such orders must be entered with the greatest caution.'" *Id.* (quoting *Shaffer Equip.*, 11 F.3d at 462). A court may order the dismissal of a case "when a party deceives a court or abuses the process at a level that is utterly inconsistent with the orderly administration of justice or undermines the integrity of the process." *Id.* (quoting *Shaffer Equip.*, 11 F.3d at 462). Exercising this inherent power to order dismissal of a case "based on the wrongdoing of a party in the judicial process" is appropriate after considering the six *Shaffer Equip. Co.* factors. *Id.* (quoting *Shaffer Equip.*, 11 F.3d at 462–63). The six *Shaffer Equipment* factors are:

> (1) the degree of the wrongdoer's culpability;
> (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients;
> (3) the prejudice to the judicial process and the administration of justice;
> (4) the prejudice to the victim;

(5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and
(6) the public interest.

*Id.* at 373–74 (quoting *Shaffer Equip.*, 11 F.3d at 462–63). The six *Shaffer Equipment* factors are similar to the four *Wilson* factors when considering a Fed. R. Civ. P. 37 sanction, such as entry of default judgment. *United States ex rel. Rangarajan v. Johns Hopkins Health Sys. Corp.*, 262 F. Supp. 3d 259, 275 n.13 (D. Md. 2017). Accordingly, a court may use its inherent power as an alternative holding to support its Rule 16(f) sanctions. *E.g., RDLG, LLC v. RPM Group Brokerage, LLC*, No. 1:10-cv-204, 2012 U.S. Dist. LEXIS 144388, at *19 (W.D.N.C. Oct. 5, 2015).

For the same reasons set forth above, and in consideration of the six *Shaffer Equipment* factors, this Court also concludes that default judgment is appropriate against Defendants under this Court's inherent power to sanction.

## D.

### Plaintiff's Claims Against Defendants

The Court now considers each of Plaintiff's three substantive claims against Defendants in turn in order to assure that with Defendant Campbell's answer stricken, sufficient allegations exist to support the claims.[6]

---

[6] Plaintiff asserts four claims against Defendants. Count II in Plaintiff's Amended Complaint is "Impoundment and Destruction," a remedy count for alleged infringement pursuant to 17 U.S.C. § 503 (2018). The Court has the discretion to determine whether it deems this remedy "reasonable to prevent or restrain infringement of [Plaintiff's] copyright." 17 U.S.C. § 502(a) (2018). Because Count II is a remedy awardable under 17 U.S.C. § 501 *et seq.*, the Court will inquire further as to whether this remedy is reasonable at the December 19, 2019 bench trial.

1.

### Count I: Copyright Infringement

To establish a claim for copyright infringement under the Copyright Act, a plaintiff must show that (1) "it owned a valid copyright" and (2) "defendants encroached upon one of the exclusive rights it conferred." *Avtec Systems, Inc. v. Peiffer*, 21 F.3d 568, 571 (4th Cir. 1994) (citations omitted).

Viewing Plaintiff's well-pled allegations as true, Plaintiff has sufficiently pled facts proving each element of its copyright infringement claim. Defendants knew Plaintiff had a valid copyright over "Organic," Am. Compl. ¶¶ 6, 8, 11, 20, and they entered into a contract with The Hotel at UMCP ABC, LLC ("Hotel") to directly copy "Organic." *Id.* at ¶ 6. Defendants did copy "Organic," which it received from the Hotel. *Id.* at ¶ 15. Defendants then sold copies of "Organic" to the Hotel at a lower price than Plaintiff. *Id.* at ¶ 16–17.

2.

### Count III: Unfair Competition – Trade Dress Infringement

Trade dress is the distinctiveness of a product's design, packaging, or image "which serves to identify the product with its manufacturer or source." *Traffix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 28 (2001). A product's trade dress "consists of its total image and overall appearance, including its size, shape, color or color combinations, texture, graphics, or even particular sales techniques." *Ashley Furn. Indus. v. SanGiacomo*

*N.A.*, 187 F.3d 363, 368 (4th Cir. 1999) (citations omitted) (internal quotation marks omitted); *e.g., Hershey Co. v. Friends of Steve Hershey*, 33 F. Supp. 3d 588, 590 (D. Md. 2014) (trademark infringement action concerning The Hershey Trade Dress, "a design mark 'consisting of a dark brown or dark maroon background color . . . and a silver or other light-colored font for the word mark HERSHEY'S . . . often with smaller text below the word mark HERSHEY'S'").

To establish a claim for trade dress infringement, the plaintiff must prove the following three elements: (1) "its trade dress is primarily non-functional"; (2) "the alleged infringement creates a likelihood of confusion"; and, (3) "the trade dress either (a) is inherently distinctive, or (b) has acquired a secondary meaning." *Ashley Furn. Indus.*, 187 F.3d at 368 (citing *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)).

A trade dress is primarily non-functional if it is *not* "essential to the use or purpose of the article" and it does *not* "affect the cost or *quality* of the article . . . ." *Id.* (quoting *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165 (1995)). That is, a feature is functional "if exclusive use of it would put competitors at a significant non-reputation-related disadvantage." *Id.* (quoting *Qualitex Co.*, 514 U.S. at 165).

To prove secondary meaning, a plaintiff must demonstrate that, "in the minds of the public, the primary significance of a product feature or term is to identify the source of the product rather than the product itself." *M. Kramer Manufacturing Co. v. Andrews*, 783 F.2d 421, 449 (4th Cir. 1986) (quoting *Inwood Laboratories, Inc. v. Ives Laboratories, Inc.*, 456 U.S. 844, 851 n.11 (1982) (citations omitted)). "Evidence of intentional, direct

copying establishes a prima facie case of secondary meaning sufficient to shift the burden of persuasion to the defendant on that issue." *Id.* at 448. In fact, such evidence "acts as a presumption upon which judgment 'must [be] issue[d]' in the absence of rebutting proof." *Larsen v. Terk Techs. Corp.*, 151 F.3d 140, 148 (4th Cir. 1998) (citing *M. Kramer Manufacturing Co.*, 783 F.2d at 448). Such evidence also "presume[s] a likelihood of confusion." *Id.* at 149 (citing *M. Kramer Manufacturing Co.*, 783 F.2d at 448 n.24 (noting that "courts almost unanimously presume a likelihood of confusion based upon a showing that the defendant intentionally copied the plaintiff's trademark or trade dress") (collecting cases and the "leading commentator on the subject"). Therefore, a plaintiff can prove secondary meaning and a likelihood of confusion by putting forth evidence of intentional, direct copying of the plaintiff's trade dress.

Again, viewing Plaintiff's well-pled allegations as true, Plaintiff has sufficiently pled facts proving each claim of its trade dress infringement claim. As set forth in the Amended Complaint in support of copyright infringement, Defendants directly copied and sold copies of "Organic," which they held out as their own. Am. Compl. ¶¶ 15–17, 38. "Organic" itself is "a bold pattern of unique irregularly sized rectangular fields enclosing fitted, curved elements evocative of tribal or aboriginal works" and "is reproduce[ible] in any color and in any fabric or other material as a single piece or in multiple copies in the wave of a larger piece of fabric or other material." *Id.* at ¶ 8; *see id.* at ¶ 11. This description

of "Organic" precisely demonstrates that its product design is associated with Plaintiff -- even if it may cover stains in the process.[7] *See Ashley Furn. Indus.*, 187 F.3d at 368.

Per the Amended Complaint, Plaintiff has used "Organic" to "provide high-quality linens to hotel and restaurant customers who have come to rely upon [Plaintiff's] quality" product. *Id.* at ¶ 44. Indeed, Plaintiff "has realized substantial income from such sales." *Id.* at ¶ 45. As a result of Defendant's intentional copying of "Organic" for its "'knock-off linens,'" Defendants have deceived customers as to "the affiliation, connection or association of [them] with [Plaintiff] as to the origin, sponsorship, or approval of its goods, services or commercial activities[.]" *Id.* at ¶ 48.

3.

Count IV: Interference with Business Expectancy

To prove a claim for interference with prospective business relationships under Maryland law, the plaintiff must establish the following four elements: (1) "intentional and willful acts"; (2) "calculated to cause damage to the plaintiffs in their lawful business"; (3) "done with the unlawful purpose to cause such damage and loss, without right or justifiable cause on the part of the defendants (which constitutes malice)"; and (4) "actual damage and loss resulting." *K & K Mgmt., Inc. v. Lee*, 557 A.2d 965, 973 (Md. 1989) (citations and internal quotation marks omitted). Wrongful or malicious interference is "interference

---

[7] In support of its motion to dismiss, Defendants argued that "Organic" functions as a part of the linens. ECF No. 17, at 13. They reasoned, "Its irregular pattern serves to hide stains, imperfections, and wear." *Id.*

by conduct that is independently wrongful or unlawful, quite apart from its effect on the plaintiff's business relationships." *Alexander & Alexander Inc.*, 650 A.2d at 271. Wrongful or unlawful conduct is defined as "wrongful or unlawful acts includ[ing] violence or intimidation, defamation, injurious falsehood or other fraud, violation of criminal law, and the institution or threat of groundless civil suits or criminal prosecutions in bad faith." *Id.* (quoting *K & K Mgmt.*, 557 A.2d at 979).

Viewing Plaintiff's well-pled allegations as true, Plaintiff has sufficiently pled facts proving each element of its interference with business expectancy claim. Defendants knew of the existence of Plaintiff's business expectancy with the Hotel which provided Defendants a copy of "Organic" to directly copy. Am. Compl. ¶¶ 6, 53. The Hotel specifically told Defendants that Plaintiff provided "Organic" to it. *Id.* at ¶ 54. In copying "Organic," Defendants committed copyright and trade dress infringement as set forth above. Plaintiff had initially quoted "Organic" at a higher price than Defendants' quote. *Id.* at ¶ 60. As a result of Defendants entering into a contract concerning "Organic" with the Hotel, Defendants caused loss of Plaintiff's same contract with the Hotel. *Id.* at ¶ 62.

Therefore, this Court concludes that Plaintiff is entitled to judgment in its favor on its copyright infringement, trade dress infringement, and interference with business expectancy claims against Defendants.

## II.

Of note, this Court previously considered entering default judgment against Defendant Castello 1935 Inc when it failed to answer the Amended Complaint or obtain counsel. Yet, the Court did not enter default judgment at that time out of concern for inconsistent judgments. ECF No. 45, at 5 (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1872)) ("[Entering] default judgment against [Defendant Castello 1935 Inc.] would risk producing inconsistent judgments, a result the *Frow* Court found intolerable. Accordingly, until the matter has been adjudicated as to Mr. Campbell, [the Court] consider[s] it premature to rule on Plaintiff's motion for default judgment."). But, entering default judgment now against *both* Defendants for their failure to participate in the adversary process does not implicate that same concern. As Plaintiff notes, "The claims of copyright infringement and violation of the Lanham Act . . . are federal statutory torts, the principle of joint tort-feasor provides for common liability for damages. Thus, damages awarded (a) would be identical for all counts where tort damages are sought, (b) would be awarded jointly and severally, and (c) would not result in any inconsistent judgment." ECF No. 55, at 5.

## III.

For the reasons detailed herein, the Court **GRANTS** Plaintiff's Default Motion pursuant to Federal Rules of Civil Procedure 16 and 37 against Defendant Campbell and Defendant Castello 1935 Inc. In the alternative, the Court **ORDERS** default judgment as a sanction against Defendants pursuant to this court's inherent authority.

The Court **DIRECTS** the Clerk to strike Defendant Campbell's answer to the Amended Complaint and enter judgment in favor of Plaintiff Garnier-Thiebaut as to liability on its copyright infringement (Count I), trade dress infringement (Count III), and interference with business expectancy (Count IV) claims against Defendants Campbell and Castello 1935 Inc as set forth in the Amended Complaint.

The Court will address the issue of damages, including attorneys' fees, and whether Plaintiff still seeks injunctive relief per Count II of the Amended Complaint at the December 19, 2019 bench trial scheduled to commence at 9:00 a.m. at the United States courthouse located at 6500 Cherrywood Lane, Greenbelt, MD 20770.  The parties are **ORDERED** to attend the December 19, 2019 bench trial.

The Court will enter an appropriate corresponding Order.

Date: December 6, 2019

_____
Stephanie D. Thacker
United States Circuit Judge